IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| DARREN L. BUNCH, and <br> MANDY BUNCH, <br><br> Plaintiffs, <br><br> v. <br><br> THE TRAVELERS INDEMNITY <br> COMPANY OF CONNECTICUT, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 4:18-cv-00439-BP |

**SUGGESTIONS IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE
PLAINTIFFS' RULE 26(a)(2) EXPERT DISCLOSURES OR IN THE ALTERNATIVE
A MOTION FOR AN EXTENSION OF DEADLINE IN THE SCHEDULING ORDER**

COMES NOW Defendant The Travelers Indemnity Company of Connecticut (hereinafter, "Defendant"), and pursuant to Local Rules 7.0 and 16.3, respectfully submits the following Suggestion in Support of its Motion to Strike Plaintiffs' expert witness designations for failure to comply with Fed. R. Civ. P. 26(a)(2) and the Court's April 2, 2019 Scheduling Order, or in the alternative, a motion for an extension of deadline in the scheduling order (Docs. 43, 44).

**I.  INTRODUCTION**

On April 2, 2019, the Parties conferred and submitted to the Court an additional Proposed Amended Scheduling Order (Doc. 43) stating, in pertinent part, "The plaintiff shall designate any expert witnesses it intends to call at trial on or before April 30, 2019 [...]." The Court entered the Amended Scheduling and Trial Order (Doc. 44) stating, in pertinent part, that:

> 7.  EXPERT DESIGNATION DEADLINES. The plaintiff shall designate any expert witnesses it intends to call at trial on or before **April 30, 2019**, and the defendant shall designate any expert witnesses it intends to call at trial on or before **June 1, 2019**. This paragraph applies to all witnesses retained or non-retained from whom expert opinions will be elicited at trial. Along with each party's designation of expert witnesses, each party shall provide the other parties with a report, pursuant to Rule 26(a)(2)(B), Fed. R. Civ. P., from each expert witness designated. Expert

> witnesses may testify only as to matters contained in the report described above unless leave of Court is granted upon good cause shown.
>
> With respect to treating physicians, coroners and like professionals not retained to testify for a party, the report requirements of this Order may be satisfied by providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party. For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party prior to retaining counsel in this matter. A treating physician will not be allowed to give expert testimony beyond the treatment provided by said physician unless designated as an expert. A treating physician who will provide expert testimony beyond the treatment provided by said physician must further comply with the requirements of this Order.

(Emphasis added).

On April 30, 2019, Plaintiffs filed a certificate of service and served their Rule 26(a)(2) Expert Disclosures on Defendant (Doc. 46). Plaintiffs designated non-retained expert witness Matthew F. Gornet, MD, and three (3) retained expert witnesses, Ted Lennard, MD, Kurt Krueger, Ph.D., and Mitchell Mullins, DO. As it pertains to Plaintiffs' three (3) retained expert witnesses, Plaintiffs' disclosure states: "Report will be supplemented upon receipt." On April 30, 2019, Defendant did not receive any of Plaintiffs' retained expert witness reports. Defendant conferred with Plaintiffs via e-mail on May 15, 2019 inquiring on the status of the reports. The Parties subsequently conferred during a telephone conference on May 17, 2019. Plaintiffs served Ted Lennard, MD's independent medical examination report on May 17, 2019. Plaintiffs served Mitchell Mullins, DO's report on May 23, 2019. At the time of this filing, Defendant has not received Kurt Kruger, Ph.D.'s report. Plaintiffs have not provided a reason why their expert witness reports were not timely produced on or before April 30, 2019. Plaintiffs have failed to adhere to the extended deadlines that Plaintiffs requested of this Court.

Notably, and in violation of both the Federal Rules of Civil Procedure and the Court's Amended Scheduling and Trial Order, Plaintiffs did not timely submit a Rule 26(a)(2)(B) reports

for any of their retained expert witnesses. Likewise, and as more fully discussed below, Plaintiffs' designations of expert witnesses should be stricken.

## II.     ARGUMENT AND AUTHORITIES

"District courts have broad discretion in establishing and enforcing deadlines and in maintaining compliance with discovery and pretrial orders." *Yeargain v. Summit Tree Stands, L.L.C.*, No. 1:09CV00170 LMB, 2011 WL 5553717, at *2 (E.D. Mo. Nov. 15, 2011) (citing *In re Baycol Products Litigation*, 596 F.3d 884, 888 (8th Cir.2010)). Under Fed. R. Civ. P. 16(f), "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney… (C) fails to obey a scheduling or other pretrial order." Similarly, Fed. R. Civ. P. 37(c) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial**, unless the failure was substantially justified or harmless." (Emphasis added.) Rule 37(c) provides further that the Court "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi)," including:

i  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
ii  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
iii  striking pleadings in whole or in part;
iv  staying further proceedings until the order is obeyed;
v  dismissing the action or proceeding in whole or in part; [or]
vi  rendering a default judgment against the disobedient party;

As noted above, and contrary to the clear directives of Rule 26(a)(2) and the Court's Amended Scheduling and Trial Order, Plaintiffs did not timely submit Rule 26(a)(2)(B) reports to Defendant along with its expert witness designations. Because Plaintiffs have failed to comply with the clear directives of the Court and the Federal Rules of Civil Procedure, their expert

designations should be stricken pursuant to Rules 16(f)[1]and 37(c). *See Wilson Rd. Dev. Corp. v. Fronabarger Concreters, Inc*., 971 F. Supp. 2d 896, 902–03 (E.D. Mo. 2013) ("If a party fails to provide information required by Fed.R.Civ.P. 26(a), and does not provide supplemental information pursuant to Rule 26(e), '**the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial**, unless the failure was substantially justified or is harmless'") (citing Fed. R. Civ. P. 37(c)(1) (emphasis added)); *see also Certain Underwriters at Lloyd's v. SSDD, LLC*, 301 F.R.D. 391, 393 (E.D. Mo. 2014):

> When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case. Fed.R.Civ.P. 37(c)(1); *Trost v. Trek Bicycle Corp.,* 162 F.3d 1004, 1008 (8th Cir.1998) ("failure to disclose in a timely manner is equivalent to failure to disclose"). The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless. Fed.R.Civ.P. 37(c)(1). When fashioning a remedy, the district court should consider, *inter alia*, [1] the reason for noncompliance, [2] the surprise and prejudice to the opposing party, [3] the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and [4] the importance of the information or testimony. *Sellers v. Mineta*, 350 F.3d 706, 711–12 (8th Cir.2003); *see also Marti v. City of Maplewood,* 57 F.3d 680, 683 (8th Cir.1995) (setting forth a variety of possibly relevant factors) (citing *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir.2008)).

Here, the factors discussed in *Wegener* weigh in favor granting the relief requested by Defendant. First, to date, Plaintiffs have offered no reason for their noncompliance. In addition, and because Defendant cannot disclose its own expert witnesses within the deadlines of the Amended Scheduling and Trial Order without first taking the depositions of any retained or non-retained experts designated by Plaintiffs, Defendant will be subjected to significant prejudice due to Plaintiffs' inadequate disclosures. Third, issues regarding Plaintiffs' alleged injuries, as well as any pre-existing or exacerbated conditions of Plaintiff Darren Bunch, are central to Plaintiffs'

---

[1] By reference to Rule 37(b)(2)(A)(ii), stating the Court may "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence".

claims. This is especially true where, as here, Plaintiffs seek uninsured motorist benefits, so that issues regarding damages rather than liability will predominate the trial. Undoubtedly, expert witness testimony has the potential to play an important role in this case.

Nevertheless, Plaintiffs failed to provide Rule 26(a)(2)(B) reports to Defendant along with their expert witness designations. To date, Defendant has not received the entire product of Plaintiffs' expert reports. Notably, the Amended Scheduling and Trial Order requires that Defendant identify experts no later than June 1, 2019, so that the scheduling and taking of Plaintiffs' expert witnesses' depositions is of paramount importance. Simply put, Defendant is unable to adequately prepare for and take the depositions of Plaintiffs' retained expert witnesses due to Plaintiffs' inadequate disclosures, and will suffer extreme prejudice if Plaintiffs are allowed to stand on their current submission. For these reasons, Plaintiffs' expert designations should be stricken.

Alternatively, Defendant requests an extension of deadline in the scheduling order. Defendant still does not have at least one (1) of Plaintiffs' retained expert reports. Pursuant to Local Rule 16.3, Defendant has been unable to take Plaintiffs' experts' depositions, nor retain its own expert witnesses in defense of this matter. Defendant provides the following proposed amendment to the previously entered Amended Scheduling and Trial Order:

> 7. EXPERT DESIGNATION DEADLINES. The plaintiff shall designate any expert witnesses it intends to call at trial on or before **June 3, 2019**, and the defendant shall designate any expert witnesses it intends to call at trial on or before **July 5, 2019**. This paragraph applies to all witnesses retained or non-retained from whom expert opinions will be elicited at trial. Along with each party's designation of expert witnesses, each party shall provide the other parties with a report, pursuant to Rule 26(a)(2)(B), Fed. R. Civ. P., from each expert witness designated. Expert witnesses may testify only as to matters contained in the report described above unless leave of Court is granted upon good cause shown.
>
> With respect to treating physicians, coroners and like professionals not retained to testify for a party, the report requirements of this Order may be satisfied by

providing a copy of all the treating physician's files, records and notes relating to the treating physician's patient to the opposing party. For the purpose of this paragraph, a "treating physician" is a doctor (including psychiatrist, dentist or other practitioner of the healing arts) retained by a party prior to retaining counsel in this matter. A treating physician will not be allowed to give expert testimony beyond the treatment provided by said physician unless designated as an expert. A treating physician who will provide expert testimony beyond the treatment provided by said physician must further comply with the requirements of this Order.

### III. CONCLUSION

WHEREFORE defendant The Travelers Indemnity Company of Connecticut requests an Order of the Court striking Plaintiffs' Rule 26(a)(2) expert witness designations, or in the alternative, a motion for an extension of deadline in the scheduling order, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

/s/ *Christopher M. Harper*
JOHN L. MULLEN         MO #42309
CHRISTOPHER M. HARPER MO #59000
8900 Ward Parkway
Kansas City, Missouri 64114
(816) 421-7100
(816) 421-7915 (fax)
jmullen@fsmlawfirm.com
charper@fsmlawfirm.com
**Attorneys for Defendant The Travelers Indemnity Company of Connecticut**

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed via the court's electronic filing system, and sent via e-mail on this 29$^h$ day of May, 2019, to:

Bradley L. Bradshaw
Janelle Bailey
Brad Bradshaw M.D., J.D., L.C.
1736 E. Sunshine, Suite 600
Springfield, MO 65804
Phone: (417) 889-0100
Fax: (417) 889-9229
brad@bradbradshaw.com
janelle@bradbradshaw.com

Jonathan P. Davis
Ramsdell Law Firm
1304 W. Battlefield
Springfield, MO 65807
(417) 887-3434
417-887-3507 (fax)
jondavis@semitrucklaw.com


*/s/ Christopher M. Harper*
**Attorney for Defendant The Travelers Indemnity Company of Connecticut**